939 So.2d 1126 (2006)
A.D., a juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-629.
District Court of Appeal of Florida, Third District.
October 4, 2006.
*1127 Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Juliet S. Fattel, Assistant Attorney General, for appellee.
Before GERSTEN, FLETCHER, and ROTHENBERG, JJ.
ROTHENBERG, Judge.
A.D., a juvenile, appeals the trial court's order adjudicating him delinquent and the denial of his motion to suppress evidence seized as a result of his arrest. We affirm.
A.D. was observed by law enforcement in a business area on Main Street in Miami Lakes at approximately 8:59 p.m. It is undisputed that some of the businesses were open at the time, and that the area is marked with signs which provide that the business owners have authorized law enforcement to prevent individuals from loitering or trespassing. While there was conflicting evidence as to exactly what occurred during A.D.'s encounter with the police, it is undisputed that A.D. was asked to leave and when he became agitated, he was asked to step off to the side to speak to an officer, who explained to A.D. that he was obstructing a walk-way on private property and that the officer was authorized by the owner of the property to prevent loitering. When A.D. refused to leave, he was arrested. A search incident to the arrest revealed a Xanax pill in the pocket of A.D.'s shorts.
A.D. argues that he was not trespassing and that his detention was unlawful as law enforcement lacked reasonable articulable suspicion that A.D. was trespassing or engaged in any other criminal activity to justify an investigatory stop. As we conclude that the encounter with A.D. did not rise to the level of an investigatory *1128 stop requiring reasonable suspicion of criminal activity, we affirm.
There are three levels of law enforcement/citizen encounters: (1) consensual encounters where the citizen is free to leave and no constitutional safeguards are invoked; (2) investigatory stops ("Terry stops") where a citizen may be temporarily detained and which requires a well-founded articulable suspicion that the person has committed, is committing, or is about to commit a crime; and (3) an arrest, which must be supported by probable cause. Popple v. State, 626 So.2d 185, 186 (Fla.1993).
A.D. argues that when he was asked to move to another area for further questioning, what may have begun as a consensual encounter, turned into an investigatory stop requiring reasonable suspicion. We disagree. The Fourth Amendment prohibition against unreasonable searches and seizures is not implicated when an encounter with the police is found to be consensual. Whether a particular encounter is consensual requires consideration of all of the facts and circumstances surrounding the encounter and hinges on whether the circumstances would communicate to a reasonable person that he/she is free to leave and terminate the encounter. Florida v. Bostick, 501 U.S. 429, 439, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991); Taylor v. State, 855 So.2d 1, 15 (Fla.2003). Under the facts and circumstances in this case, law enforcement was not attempting to detain A.D. To the contrary, they were attempting to convince him to leave. A.D., therefore, could not reasonably argue that he or any reasonable person would have felt that he/she could not leave. The consensual encounter unfortunately turned into a valid arrest after A.D. was asked three times to leave by the officer, and refused to do so, thus elevating the consensual encounter to an arrest for trespass after warning.
Affirmed.